Judgment for
the defendant
to be dis-
charged by
the damages
assessed by
the *court.*

*M'Guire vs. Trimble &c.*

Error to the Greenup Circuit; W. P. ROPER, Judge.

*Conditions. Assessments of damages. Jury. Practice,
Statutes.*

Judge OWSLEY delivered the Opinion of the Court.

TRIMBLE, Poage and Canterberry sued M'Guire in debt, on the penalty of a bond which was executed to them by Thomas Ward and M'Guire his surety. The bond is dated the 20th of July, 1819, is in the penalty of three hundred dollars, and has subjoined thereto the following condition:

"The condition of the above obligation is such, that whereas, the said Thomas Ward is about to issue from the clerk's office of the Greenup circuit court, a writ of replevin against the said Trimble, Poage and Canterberry; now should the said Thomas Ward perform and satisfy the judgment of the court in said suit, in case he shall be cast therein, then this obligation to be void, otherwise to remain in full force and virtue."

The declaration sets out the bond and condition, and after in due form, alleging the recovery of a judgment, for one hundred and twenty dollars, together with ten per cent. damages and cost of suit against Ward, by Trimble, Poage and Canterberry, in the action of replevin, for breach of the condition of the bond, avers that Ward has not satisfied, or performed the judgment of the court.

M'Guire pleaded *nul teil record*, and issue being joined thereto, it was tried by the court. The court was of opinion, that there was such a record as that mentioned in the declaration, and rendered judgment, "that Trimble, Poage and Canterberry recover the debt in the declaration mentioned, to be discharged by the payment of one hundred and fifty-nine dollars and eighteen cents; that being the amount of the judgment, damages and costs referred to in the declaration, and also, their cost by them expended in this suit."

To reverse that judgment, this writ of error is prosecuted by M'Guire.

It is assigned for error, that the court erred in rendering final judgment, without the intervention of a jury to assess damages.

The bond upon which the action is founded, is undoubtedly one with a collateral condition, and the objection raised to the judgment by the assignment of errors, is taken upon the supposition that in every action on such a bond, the damages occasioned by breach of the condition, must be assessed by a jury, and not by the court. Whether or not this objection is fatal to the judgment, turns upon the import of the sixth section of the act of the legislature of this country, concerning civil proceedings, contained in the first volume of the digest of the statutes, page, 248. That section is in the following words: "In all actions upon any bond, or on any penal sum, for non-performance of covenants or agreements in any indenture, deed or writing contained, the plaintiff or plaintiffs may assign as many breaches as he, or they shall think fit, and the jury, upon trial of such action or actions, shall, and may assess damages for such of the breaches as the plaintiff shall prove to have been broken, and on such verdict, the like judgment shall be entered, as heretofore has been usually done in such actions, and where judgment on a demurrer, or by confession, or *nil dicit*, shall be given for the plaintiff, he may assign as many breaches of the covenants, or agreements, as he shall think fit, upon which a jury shall be summoned to enquire of the truth of every one of those breaches, and to assess the damages the plaintiff shall have sustained thereby, and execution shall issue for so much &c."

Statute of Kentucky in relation to actions on bonds with conditions—copied from 8 and 9 Will. III.

This act is a literal copy of the statutes of 8 and 9, W. 3, ch. 11, s. 8, enacted by the parliament of England, and should therefore be construed as that statute has been interpreted by the courts of that country.

Constructions of Statutes.

Adverting to the expressions used in the act, it would seem from their plain and imperative import, necessarily to follow, that whenever breaches of the condition of a bond coming within the act, and upon which an action is founded, are assigned by the

In actions on bonds with collateral conditions the plaintiff shall assign

M'GUIRE
vs.
TRIMBLE, &c

the breach
and a jury
shall assess
his damages.

plaintiff in his declaration, that the damages occa-
sioned by the breaches must be assessed by a jury.
Whether judgment be given for the plaintiff on de-
murrer, or by confession, or by *nil dicit*, he may,
according to the expressions of the act, assign breach-
es, and if he does so, the act imperatively directs
a jury to be summoned to enquire and assess the
damages.    And not only so, but whenever an action
is brought on such a bond, though the defendant
neither makes default, confesses judgment, nor de-
murs, the plaintiff may assign breaches, and in the
same imperative language, the act declares that the
jury, upon the trial shall assess the damages.

Bond with
the collateral
conditions
meant by the
statute, in-
cludes all,
but those
with condi-
tions for the
payment of
certain sums
of money.

The only point about which, there is, therefore,
any room for construction, and as to which there
can be the least pretext for sustaining the judgment,
relates not to what may be necessary to be done by
a jury in actions founded upon bonds falling within
the influence of the act, but to the question, wheth-
er or not, the bond upon which the present action is
founded, contains such a condition as *comes within*
the act.    It may be said, that the damages to which
Trimble &c. are entitled, on account of the breach of
the condition of the bond, is fixed by the judgment
which was recovered by them against Ward, in the ac-
tion of replevin, and as there is nothing upon which,
assessing damages for the alleged breach, the jury
could exercise their judgment, it may be contended
that the condition of the bond is not of the sort in-
tended to be provided for by the legislature in the
act to which we have referred, and therefore, not
within the operation of the act.    It is, however,
barely necessary to refer to the adjudications of the
British courts upon their statute, to refute and put
at rest this argument.    Sergeant Williams in his an-
notations to Saunders reports, has *collated the cases*
which have been decided upon that statute, and he
proves conclusively, that a condition, such as the one
subjoined to the bond, upon which this action is
founded, comes within the statute.

Cases on the
question of

He remarks, that "it is now settled, that in debt
on a bond, with a condition for the doing any
thing else but the payment of a gross sum of mon-

ey, or the appearance of the defendant in a bail bond, the plaintiff is bound to suggest breaches on the roll, in pursuance of the statute of 8 and 9, W. 3, ch. 11, s. 8;" and he refers to the case of Collins vs. Collins, 2 Burr. 820, in which it is held, that a bond for £5000, conditioned to pay an annuity of two hundred and fifty pounds to the plaintiff, came within the statute, notwithstanding it was objected that the legislature did not mean that the statute should extend to a case like that, where the condition was simply for the payment of a certain and precise sum of money, and where there was nothing on which the jury could exercise their judgment. Note 2 to 3 Saun. R. 187.

The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and a jury there summoned to assess damages on the breaches alleged by the plaintiffs in that court, in their declaration, and after the damages are so assessed, for judgment to be entered on the bond in favor of them.

*Triplett*, for plaintiff.

M'GUIRE
vs.
TRIMBLE, &c

the applica-
tion of the act